## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

| | |
|---|---|
| ADAM HEASTER, Individually and For Others Similarly Situated, | **Case No.** 2:19-cv-00887 _____ |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| NORTHEAST NATURAL ENERGY, LLC, | |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Adam Heaster (Heaster) brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Northeast Natural Energy, LLC (NNE) under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq.*

2.      Heaster worked for NNE as a Landman.

3.      Heaster and the Putative Class Members (as defined below) regularly worked more than 40 hours a week.

4.      But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

5.      Instead of receiving overtime as required by the FLSA, NNE classified Heaster and the Putative Class Members as independent contractors, and these workers received a flat amount for each day worked (a "day rate") without overtime compensation.

6.      Heaster or the Putative Class Members never received a guaranteed salary.

7.      This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

8.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9.     Venue is proper under 28 U.S.C. § 1391(b)(1) as NNE maintains its headquarters in this District and Division.

10.    Specifically, NNE maintains its headquarters in Charleston, West Virginia.

11.    NNE conducts substantial business operations in and around Charleston, West Virginia.

## PARTIES

12.    Heaster worked for NNE as a Landman from approximately April 2018 to August 2018.

13.    Throughout his employment with NNE, Heaster was paid a day rate with no overtime compensation and was classified as an independent contractor by NNE.

14.    In fact, Heaster's relationship with NNE was an employer/employee relationship.

15.    Heaster's written consent is attached as Exhibit A.

16.    Heaster brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by NNE's day rate system.

17.    Each of these workers received a flat amount for each day worked and did not receive overtime for hours worked in excess of 40 in a workweek in accordance with the FLSA.

18.    The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All Landmen employed by, or working on behalf of NNE, who were paid a day rate with no overtime at any time during the last 3 years** (Putative Class Members).

19.    The Putative Class Members are easily ascertainable from NNE's business and personnel records.

20.     Defendant NNE is a Delaware limited liability company that maintains its headquarters in Charleston, WV and may be served with process by serving its registered agent: **Samuel P. Sommerville, 707 Virginia Street East, Suite 1200, Charleston, West Virginia 25301**.

## COVERAGE UNDER THE FLSA

21.     At all relevant times, NNE has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

22.     At all relevant times, NNE has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

23.     At all relevant times, NNE has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). NNE has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

24.     In each of the last 3 years, NNE has had annual gross volume of sales made or business done of at least $1,000,000.

25.     At all relevant times, Heaster and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

26.     NNE treated Heaster and the Putative Class Members as employees and uniformly dictated the pay practices applied to Heaster and the Putative Class Members.

27.     NNE's misclassification of Heaster and the Putative Class Members as independent contractors does not alter their status as employees for purposes of the FLSA.

28.     NNE's uniform day rate scheme, depriving its employees of overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

29.     NNE is an oil and gas exploration and production company with operations throughout the Appalachian region.

30.     To complete its business objectives, NNE hires personnel, such as Heaster, to perform landmen services.

31.     NNE labels Heaster and the Putative Class Members as contractors.

32.     But NNE does not hire these workers on a project-by-project basis.

33.     Rather, NNE hires and treats these workers just like regular, even if sometimes short term, employees.

34.     Many of these individuals worked for NNE on a day rate basis (without overtime pay).

35.     These day rate workers make up the proposed Putative Class.

36.     For example, Heaster worked for NNE as a Landman from approximately April 2018 to August 2018.

37.     Throughout his employment, NNE classified him as an independent contractor and paid him on a day rate basis.

38.     As a Landman, Heaster's primary job duties include making phone calls to land and mineral rights owners, setting up appointments with these owners, visiting the land to facilitate contracts and lease agreements, and submitting paperwork.

39.     Heaster did not have any supervisory duties.

40.     Heaster did not hire for fire employees.

41.     Heaster did not exercise discretion and judgment as to matters of significant.

42.     Heaster was a blue-collar worker.

43.     Heaster and the Putative Class Members work for NNE under its day rate pay scheme.

44.     Heaster and the Putative Class Members do not receive a salary.

45.     If Heaster and the Putative Class Members did not work, they did not get paid.

46.     Heaster and the Putative Class Members receive a day rate.

47.     Heaster and the Putative Class Members do not receive overtime pay.

48.     This is despite the fact that Heaster and the Putative Class Members often work more than 10 hours a day, for as many as 7 days a week, for weeks at a time.

49.     Although Heaster typically worked up to 7 days a week, for 10 or more hours a day, he did not receive any overtime pay.

50.     Heaster and the Putative Class Members received the day rate regardless of the number of hours they worked, and even if they worked more than 40 hours in a workweek.

51.     Without the job performed by Heaster and the Putative Class Members, NNE would not be able to complete its business objectives.

52.     Heaster and the Putative Class Members relied on NNE for work and compensation.

53.     Heaster and the Putative Class Members worked in accordance with the schedule set by NNE and/or its clients.

54.     Heaster and the Putative Class Members cannot subcontract out the work they are assigned by NNE.

55.     Heaster and the Putative Class Members must follow NNE and/or its clients' policies and procedures.

56.     Heaster and the Putative Class Members' work must adhere to the quality standards put in place by NNE and/or its clients.

57.     Heaster and the Putative Class Members did not substantially invest in the tools required to complete the overall job to which they were assigned.

58.     Heaster and the Putative Class Members did not market their services while employed by NNE.

59.     Heaster and the Putative Class Members worked exclusively for NNE during the relevant period.

60.     Heaster and the Putative Class Members did not incur operating expenses like rent, payroll, marketing, and/or insurance.

61.     NNE and/or its clients set Heaster and the Putative Class Members' work schedule, which prohibited them from working other jobs for other companies while working on jobs for NNE.

62.     At all relevant times, NNE and/or its clients maintained control, oversight, and direction of Heaster and the Putative Class Members, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

63.     Heaster's work schedule is typical of the Putative Class Members.

64.     NNE controls Heaster and the Putative Class Members' pay.

65.     Likewise, NNE and/or its clients control Heaster and the Putative Class Members' work.

66.     Heaster and the Putative Class Members' work must adhere to the quality standards put in place by NNE and/or its clients.

67.     Heaster and the Putative Class Members are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

68.     NNE knows Heaster and the Putative Class Members work for 10 or more hours a day, for as many as 7 days a week.

69.     NNE's records reflect the fact that Heaster and the Putative Class Members regularly work far in excess of 40 hours in certain workweeks.

70.     Heaster and the Putative Class Members do not receive overtime for hours worked in excess of 40 in any of those weeks.

71.     Instead, Heaster and the Putative Class Members are paid on a day rate basis.

72.     NNE and/or its clients set these workers' schedules and compensation; supervises them; requires them to adhere to strict guidelines, directives, and its (or its clients') policies and procedures.

73.     NNE controls Heaster and the Putative Class Members' opportunities for profit and loss by dictating the days and hours they work and the rates they are paid.

74.     While working for NNE, NNE controlled all the significant or meaningful aspects of the job duties Heaster and the Putative Class Members perform.

75.     NNE exercises control over the hours and locations Heaster and the Putative Class Members work, the tools and equipment they use, and the rates of pay they receive.

76.     Even though Heaster and the Putative Class Members work away from NNE's offices without the constant presence of NNE supervisors, NNE still controls significant aspects of their job activities by enforcing mandatory compliance with its (or its clients') policies and procedures.

77.     Heaster and the Putative Class Members do not provide the significant equipment they work with on a daily basis, such as office space, computers, and communication devices.

78.     NNE (and/or its clients) make these large capital investments in buildings, machines, equipment, tools, and supplied the business in which Heaster and the Putative Class Members work.

79.     Heaster and the Putative Class Members do not incur operating expenses like rent, payroll, marketing, and insurance.

80.     The daily and weekly activities of Heaster and the Putative Class Members are routine and largely governed by standardized plans, procedures, and checklists created by NNE.

81.     NNE prohibits Heaster and the Putative Class Members from varying their job duties outside of the predetermined parameters and requires Heaster and the Putative Class Members to follow NNE's (or its clients') policies, procedures, and directives.

82.     All of the Putative Class Members perform similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities they perform.

83.     All of the Putative Class Members work similar hours and are denied overtime as a result of the same illegal pay practice.

84.     All of the Putative Class Members work in excess of 40 hours each week.

85.     NNE uniformly denies Heaster and the Putative Class Members overtime for the hours they work in excess of 40 hours in a single workweek.

86.     Heaster and the Putative Class Members do not, and have never, received guaranteed weekly compensation irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

87.     NNE's day rate policy violates the FLSA because it deprives Heaster and the Putative Class Members of overtime for the hours they work in excess of 40 hours in a single workweek.

88.     NNE knew Heaster and the Putative Class Members worked more than 40 hours in a week.

89.     NNE knew, or showed reckless disregard for whether, the Putative Class Members were not exempt from the FLSA's overtime provisions.

90.     Nonetheless, Heaster and the Putative Class Members were not paid overtime.

91.     NNE knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

92.     Heaster brings this claim as a collective action under the FLSA.

93.     The Putative Class Members were victimized by NNE's pattern, practice, and/or policy which is in willful violation of the FLSA.

94.     Other Putative Class Members worked with Heaster and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

95.     Based on his experiences with NNE, Heaster is aware that NNE's illegal practices were imposed on the Putative Class Members.

96.     The Putative Class Members are similarly situated in all relevant respects.

97.     The Putative Class Members are blue-collar workers.

98.     Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

99.     The illegal day rate policy that NNE imposes on Heaster is likewise imposed on all Putative Class Members.

100.     Numerous individuals are victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

101.     The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

102.     The overtime owed to Heaster and the Putative Class Members will be calculated using the same records and using the same formula.

103.     Heaster's experiences are therefore typical of the experiences of the Putative Class Members.

104.     The specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

105.     Heaster has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

106.     Like each Putative Class Member, Heaster has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

107.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

108.     Absent a collective action, many Putative Class Members will not obtain redress of their injuries and NNE will reap the unjust benefits of violating the FLSA.

109.     Further, even if some of the Putative Class Members could afford individual litigation against NNE, it would be unduly burdensome to the judicial system.

110.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

111.     The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

112.     Among the common questions of law and fact are:

   a.   Whether NNE employed the Putative Class Members within the meaning of the FLSA;

   b.   Whether NNE's decision to pay a day rate with no overtime compensation to these workers was made in good faith;

   c.   Whether NNE's violation of the FLSA was willful; and

   d.   Whether NNE's illegal pay practice applied to the Putative Class Members.

113.     Heaster and the Putative Class Members sustained damages arising out of NNE's illegal and uniform employment policy.

114.     Heaster knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

115.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to NNE's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

116.     NNE is liable under the FLSA for failing to pay overtime to Heaster and the Putative Class Members.

117.     Consistent with NNE's illegal day rate policy, Heaster and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

118.     As part of their regular business practices, NNE intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Heaster and the Putative Class Members.

119.     NNE's illegal day rate policy deprived Heaster and the Putative Class Members of the premium overtime wages they are owed under federal law.

120.     NNE is aware, or should have been aware, that the FLSA required it to pay Heaster and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

121.     There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

122.     This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

123.     Those similarly situated employees are known to NNE, are readily identifiable, and can be located through NNE's records.

## CAUSE OF ACTION
## VIOLATION OF THE FLSA

124.     Heaster brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

125.     NNE violated, and is violating, the FLSA by failing to pay Heaster and the Putative Class Members overtime.

126.     NNE misclassified the Plaintiff and Putative Class Members for purposes of the FLSA overtime requirements.

127.     NNE cannot demonstrate the Plaintiff and Putative Class Members are exempt from overtime under the administrative exemption.

- 11 -

128.    NNE cannot demonstrate the Plaintiff and Putative Class Members are exempt from overtime under the executive exemption.

129.    NNE cannot demonstrate the Plaintiff and Putative Class Members are exempt from overtime under the professional exemption.

130.    NNE cannot demonstrate the Plaintiff and Putative Class Members are exempt from overtime under the highly compensated exemption.

131.    NNE misclassified the Plaintiff and Putative Class Members as contractors.

132.    NNE failed to guarantee the Plaintiff and Putative Class Members a salary.

133.    NNE failed to pay the Plaintiff and Putative Class Members overtime.

134.    NNE paid the Plaintiff and Putative Class Members a day rate.

135.    NNE knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation.

136.    NNE's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

137.    Accordingly, Heaster and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## JURY DEMAND

138.    Heaster demands a trial by jury.

## PRAYER

WHEREFORE, Heaster, individually, and on behalf of the Putative Class Members respectfully requests that this Court grant the following relief:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members to permit them to join this action by filing a written notice of consent;

b. A judgment against NNE awarding Heaster and the Putative Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

d. An order awarding attorneys' fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Anthony J. Majestro*

**Anthony J. Majestro, Esq. (WVSB 5165)**
**James S. Nelson, Esq. (WVSB 10776)**
**POWELL & MAJESTRO, PLLC**
405 Capitol Street, Suite P-1200
Charleston, WV 25301
(304) 346-2889 – Telephone
(304) 346-2895 – Facsimile

**AND**

**Michael A. Josephson**
TX Bar No. 24014780
(*pro hac vice application forthcoming*)
**Andrew W. Dunlap**
TX Bar No. 24078444
(*pro hac vice application forthcoming*)
**Taylor A. Jones**
TX Bar No. 24107823
(*pro hac vice application forthcoming*)
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com

- 13 -

adunlap@mybackwages.com
tjones@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
TX Bar No. 24001807
(*pro hac vice application forthcoming*)
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**